<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELISSA JOHNSON, *Plaintiff,* v. BOARDWALK REGENCY, LLC D/B/A CAESAR'S ATLANTIC CITY, JOHN DOES 1-10 (NAMES FICTITIOUS AND UNKNOWN), ABC CORP. (NAME FICTITIOUS AND UNKNOWN), *Defendants*. | Civil Action No. 23-23232 (KSH) (CF) <u>**OPINION**</u> |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

**I.   Introduction**

Plaintiff Melissa Johnson filed this negligence action against defendant Boardwalk Regency, LLC d/b/a Caesar's Atlantic City ("Caesar's'") after slipping in a restroom there. Caesar's has moved for summary judgment, and Johnson opposes. The motion is fully briefed and is decided without oral argument. L. Civ. R. 78.1(b).

**II.   Background**

The facts stated here are undisputed unless otherwise noted. On July 14, 2022, Johnson and her friend visited a restroom at Caesar's after leaving a nearby beach area. (D.E. 14, Final Pretrial Order for Summ. J., § 3 Stip. Facts; D.E. 21-2,[1] Pl.'s Supp. R. 56.1 Stmt. ¶ 1.) That

---

[1] Docket Entry 21-2 is comprised of two separate documents: (1) Plaintiff's Responsive Statement of Material Facts, and (2) Plaintiff's Supplemental Statement of Disputed Material Facts. Citations in this opinion specify which document is being referred to.

1

restroom, which Caesar's describes as "relatively close" to the "beach entrance," was nearest to the beach.  (D.E. 21-2, Pl.'s Supp. R. 56.1 Stmt. ¶ 3; D.E. 22, Def.'s Resp. to Pl.'s Supp. R. 56.1 Stmt. ¶ 3.)

Johnson was cleaning sand off of her feet in the restroom when she slipped and fell. (D.E. 18, Def.'s R. 56.1 Stmt. ¶¶ 7-9.)  She takes issue with Caesar's characterization of her actions as "wash[ing]" her feet; she says she was using the paper towel to "wipe" her feet.  (D.E. 21-2, Pl.'s Responsive R. 56.1 Stmt. ¶ 8.)  A Caesar's security officer, Laura Hance, was in the bathroom too and heard Johnson yell after she fell.  (D.E. 18, Def.'s R. 56.1 Stmt. ¶ 6.)  Hance then called environmental services for a cleanup of the area.  (D.E. 21-2, Pl.'s Supp. R. 56.1 Stmt. ¶ 12.)

The summary judgment record includes an incident report prepared by Caesar's, which contains a written statement by Hance, and a Guest Accident Report that Caesar's claims Johnson completed right after the incident.  (D.E. 18, Def.'s R. 56.1 Stmt. ¶¶ 4-5; D.E. 18, Certif. of Damian S. Jackson, Esq., in Supp. of Def.'s Mot. Summ. J. ("Jackson Cert."), Ex. D (incident report); Ex. E (Guest Accident Report).)

In Hance's written statement, she noted sand in the sink Johnson was using and that an out of order sign indicated no water at that sink; Hance also wrote that she "believe[d]" that Johson was washing her feet, not her hands.  (D.E. 18, Def.'s R. 56.1 Stmt. ¶ 5; D.E. 18, Jackson Cert., Ex. D, at page 2/6 and 6/6.)[2]  The incident report contains pictures of the restroom, including a picture of a framed sign stating: "CAUTION," followed by "FLOOR IS SLIPPERY WHEN WET."  (Jackson Cert., Ex. D, at page 3/6.)  Johnson points out that Hance's statement

---

[2] Docket Entry 18 comprises multiple documents.  Citations in this opinion specify which document is being referred to.

2

also reflects that she called for a "good mopping and clean up water"; she additionally suggests that Hance may not have written the whole statement because it reflects "various people's handwriting/printing" and that a maintenance record Caesar's produced in discovery reflected that the sink had been repaired 11 days earlier. (D.E. 21-2, Pl.'s Responsive R. 56.1 Stmt. ¶ 5; *cf.* Jackson Cert., Ex. F (Hance Dep.) at 18:17-20:24 (Hance testifying about writing this statement).)

Caesar's claims Johnson completed the Guest Accident Report right after the incident. Its description of the incident is that Johnson slipped "off bathroom sink, from water on sink, and floor was wet also, I fell to the floor." (Jackson Cert., Ex. E.) Johnson disputes the report's authenticity (D.E. 21-2, Pl.'s Responsive R. 56.1 Stmt. ¶ 4), though not that description. In her deposition, Johnson similarly attributed her fall to water on the sink and water on the floor. (Jackson Cert., Ex. C (Johnson Dep.), at 16:21-17:15.) She denied seeing the "Caution" sign in the bathroom. (D.E. 21-2, Pl.'s Supp. R. 56.1 Stmt. ¶ 9.)

On September 14, 2023, Johnson filed a negligence action against Caesar's in state court. (D.E. 1-2, Ex. A, Compl.) Caesar's answered, denying liability. (D.E. 1-2, Ex. B, Answer.) On December 19, 2023, Caesar's removed the case to this Court, invoking diversity jurisdiction. (D.E. 1.) Following discovery, a final pretrial conference was held, and the final pretrial order for summary judgment purposes was entered. (D.E. 14.) This motion followed.

**III.    Standard of Review**

Summary judgment is proper where the movant demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] failure of proof on one of the essential elements of a claim renders both of these requirements met." *Pyfer v. Am. Mgmt. Servs. (In re Nat'l Pool Constr., Inc.)*, 598 F. App'x 841,

3

844 (3d Cir. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). *Accord Mall Chevrolet, Inc v. General Motors LLC*, 99 F.4th 622, 630 (3d Cir. 2024) ("[U]nder the *Celotex* approach, a moving party may . . . demonstrate that the nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case[,] on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)) (emphasis omitted)).

A factual dispute is "material" if it bears on an essential element of the plaintiff's claim and is "genuine" if the evidence would allow a reasonable jury to find in favor of the non-movant. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In assessing whether such a factual dispute exists on the record before it, the Court does not assess credibility or weigh evidence. *Burton v. Teleflex, Inc.*, 707 F.3d 417, 428-29 (3d Cir. 2013). Instead, evidence is viewed in "the light most favorable to the non-moving party." *M.S. ex rel Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020).

**IV.    Discussion**

Johnson alleges that her fall at Caesar's was the result of its negligence.[3] "'The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages.'" *Shields v. Ramslee Motors*, 240 N.J. 479, 487 (2020) (quoting *Robinson v. Vivirito*, 217 N.J. 199, 208 (2014)). The nature of the duty in a slip-and-fall premises liability case is well established:

---

[3] The complaint contains a second count alleging negligence by fictitiously named defendants. Discovery is closed, and plaintiff has not named additional defendants. Count two of the complaint is therefore dismissed. *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 251 (3d Cir. 2009); *Olmo v. Atl. City Parasail, LLC*, 2016 WL 1728964, at *1 n.1 (D.N.J. Apr. 28, 2016) (Donio, Mag. J.).

> Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation. The duty of due care requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe.

*Nisivoccia v. Glass Gardens, Inc.*, 175 N.J. 559, 563 (2003). Typically, "an injured plaintiff asserting a breach of that duty must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Id.*

Caesar's argues that Johnson has not established notice or causation, but the record is such that a reasonable factfinder could (although need not) decide in Johnson's favor on those elements. A defendant is considered to have constructive knowledge of a dangerous condition when the condition "existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'" *Troupe v. Burlington Coat Factory Warehouse Corp.*, 443 N.J. Super. 596, 602 (App. Div. 2016) (quoting *Parmenter v. Jarvis Drug Stores, Inc.*, 48 N.J. Super. 507, 510 (App. Div. 1957)). Constructive knowledge can be inferred from, for example, the characteristics of the condition or eyewitness testimony. *Id.*

Johnson testified that there was water on the sink and floor that did not come from the paper towel she was using to remove sand from her feet (Jackson Cert., Ex. C (Johnson Dep.) at 16:21-18:4), and Hance's written statement in the incident report reflected that she had called for a "good mopping and clean up [of] water" right after the incident (Jackson Cert., Ex. D, at page 2/6),[4] from which a factfinder could reasonably infer that there was water on the floor before

---

[4] The incident report also includes pictures, at least one of which appears to show water on the floor (Jackson Cert., Ex. D, at pages 1/6, 4/6, and 5/6), but neither party makes any reference to them, leaving their import unclear.

5

Johnson arrived.  The incident happened in a restroom that had a permanent, framed sign reading "CAUTION FLOOR IS SLIPPERY WHEN WET."  (*Id.*, Ex. D, at page 3/6.)  And, Johnson notes, Caesar's failed to produce records or a competent witness to substantiate that this bathroom was regularly maintained or serviced at reasonable intervals;[5] in other words, that would show Caesar's to have been reasonably diligent in discovering and correcting conditions in the beach-adjacent bathroom that could pose risks to patrons using it.  Instead, Caesar's produced a spreadsheet showing no cleaning visits that day and four visits during the two weeks leading up to Johnson's July 14, 2022 fall.  (D.E. 21-1, Certif. of Jared Drill Esq., in Opp. to Mot. for Summ. J. ("Drill Cert."), Ex. B.)  Caesar's also contends that Hance explained at her deposition that she called for a mopping of the area in response to Johnson's request for a cleanup, not based on her own observation of water in the area, which she saw only "later," *i.e.*, after making sure Johnson was outside and seated and Hance "went back to look to see . . . what [Johnson] fell on."  (Jackson Cert., Ex. F (Hance Dep.) at 15:3-11, 20:22-21:13.)

      Viewing the evidence and drawing the factual inferences in the light most favorable to Johnson, the nonmovant, the Court concludes that a triable fact issue exists as to whether Caesar's was on constructive notice of a water spill or puddle on the floor of the restroom Johnson used.  Choosing whose version, Johnson's or Hance's, is more credible, and how to weigh the evidence, is the province of the jury.  So too with the evidence on causation; here, the parties' positions are diametrically opposed, with Johnson testifying that the water on the sink

---

[5] The closest Caesar's comes is Hance's vague testimony about a person who "usually" cleans there and "make[s] sure that place is always clean."  (Jackson Cert., Ex. F (Hance Dep.) at 22:7-8.)  Whether such testimony would be admissible at trial is unclear, *cf. Snead v. Casino*, 700 F. Supp. 3d 203, 216 (D.N.J. 2023) (Bumb, J.) ("courts can only consider admissible evidence on a summary judgment motion"), but even assuming it is offered in admissible form at trial, whether to credit it is a matter for the factfinder, not the Court ruling on a summary judgment motion.

and/or floor caused her fall, and Caesar's attributing Johnson's fall to her own acts in washing or wiping her feet.

As there are genuine disputes of material fact, summary judgment in favor of Caesar's is not warranted on this record, and the motion will be denied.

## V. Conclusion

For the reasons set forth above, count two of the complaint, alleging negligence by fictious defendants, is dismissed. The motion for summary judgment filed by Caesar's is denied.

The parties' final pretrial order reflects that Caesar's anticipates filing motions *in limine* directed to Johnson's experts. The parties shall appear before Magistrate Judge Fais on a date she sets to discuss a schedule for those motions. A trial date will be set by the undersigned.

An appropriate order will follow.


Dated: December 23, 2025                    *s/Katharine S. Hayden*
                                            Hon. Katharine S. Hayden, U.S.D.J.